UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PELE LA CRUZ WATKINS,

v.                                    Case No. 8:05-cr-174-T-24EAJ
                                             8:08-cv-82-T-24EAJ

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court upon Defendant Watkins' second amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion to vacate" or "motion").  (Doc. cv-7; cr-67).  Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

Background

On April 26, 2005,  Watkins was charged by Indictment with possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment of a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count One); attempt to damage and destroy a building maliciously by means of fire or explosive, in violation of 18 U.S.C. § 844(i) (Count Two); solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373(a) (Count Three); and possession of a firearm and ammunition in furtherance of a crime of violence,  in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four).  (Doc. cr-5).  After

trial, the jury found Watkins guilty of counts one and three and acquitted him of counts two and four. (Doc cr-29).

On September 28, 2005, the Court sentenced Watkins to ninety-six months incarceration on count one and ninety-six months incarceration on count three, with the sentences to run concurrent to each other. (Doc. cr-45 at p. 40; cr-37). Judgment was entered on September 28, 2005. (Doc. cr-37).

On September 28, 2005, Watkins appealed his conviction and sentence. (Doc. cr-36). On March 9, 2007, the United States Court of Appeals for the Eleventh Circuit vacated and remanded for resentencing directing the Court to determine if the facts of the case were sufficient to establish if the undercover agent had taken all the steps necessary to show that the offense in count three was about to be completed and whether a reduction of the defendant's sentence under USSG § 2X1.1(6) was appropriate. *United States v. Watkins*, 477 F.3d 1277 (11th Cir. 2007). (Doc. cr-51).

Pursuant to the remand, the case was reopened, and on April 26, 2007, the Court applied the three-level reduction under USSG § 2X1.1(6) and sentenced Watkins to seventy-one months incarceration on count one and seventy-one months incarceration on count three with the sentences to run concurrent to each other. An amended judgment was entered. (Doc. cr-55).

Watkins timely filed his motion to vacate in which he raises two grounds for relief.

Discussion

Ground One

Watkins claims that he is actually and/or legally innocent of the offense of conviction of being a felon in possession of a firearm. In support, Watkins states:

> Title 18 U.S.C. § 922 makes it "unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition in or affecting commerce or to remove a firearm or ammunition which has been shipped or transported in interstate commerce. 18 U.S.C. § 922(g)(1).
>
> However, Title 18 U.S.C. § 921 in relevant part: [sic]
>
> The term "crime punishable by imprisonment for a term exceeding one year" does not include --
>
> > (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

18 U.S.C. § 921(a)(20)(2005).

Watkins claims that his trial counsel was ineffective for failing to know the law regarding 18 U.S.C. § 921(a)(20). He also claims that the prosecution knowingly presented false testimony in violation of *Napue v. Illinois*, 360 U.S. 264 (1959) and *Berger v. United States,* 295 U.S. 78, 88 (1935) by depriving the Court and Jury of knowledge of 18 U.S.C. § 921(a)(20). Watkins claims that the prosecution improperly pursued the charge of felon in possession of a firearm and ammunition (18 U.S.C. § 922(g)(1)) since his underlying Pennsylvania conviction and "twenty-three month sentence" was reduced to a misdemeanor, and misdemeanor charges with a sentence of less than two years are exempt from 18 U.S.C. § 922(g)(1) under 18 U.S.C. § 921(a)(20).

**A. Prosecutorial Misconduct**

Watkins claims that the prosecution knowingly presented false testimony about his Pennsylvania conviction, depriving the Court and Jury of critical statutory authority such as 18 U.S.C. § 921(a)(20), "which would have established Watkins' actual or legal innocence

3

of the offense of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1)."

Nothing in the record demonstrates that the prosecutor presented false testimony about Watkins' Pennsylvania conviction. The Pennsylvania statute reads, in pertinent part:

**Title 18 Pa. C.S.A. Crimes and Offenses:**

Part II. Definition of Specific Offenses

Article G. Miscellaneous Offenses

Chapter 61. Firearms and Other Dangerous Articles

Subchapter A. Uniform Firearms Act

**§ 6106. Firearms not to be carried without a license**

(a) Offense defined.--

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

Pennsylvania charged Watkins with violating § 6101(1). The Pennsylvania offense cited in § 6101(1) is <u>not classified as a misdemeanor</u>. Therefore, 18 U.S.C. 921(a)(20), does not apply to Watkins, as 921(a)(20) only applies to a state offense <u>classified by the laws of the state as a misdemeanor</u> . Because the prosecution relied on a valid certified copy of Watkins' Pennsylvania <u>felony</u> conviction in support of the charge of "Possession

4

of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment of a Term Exceeding One Year at trial," Watkins has not shown "the knowing presentation of false testimony by the prosecution" and this claim has no merit.

## B. Ineffective Assistance of Counsel Claim

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.

Under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Strickland*, 466 U.S. at 694: *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir.1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir.1983).

      Watkins cannot show that his trial counsel was ineffective.  At trial, counsel moved for a judgment of acquittal on count one, arguing that the Government had failed to prove Watkins was a convicted felon.  Counsel argued that the Government's exhibit one, (see Doc. cr-43 at p. 39) which was a certified copy of Watkins' felony conviction in the Commonwealth of Pennsylvania. (Doc. cr-43 at pp. 151-152) did not provide a valid basis for charging Watkins as a felon in possession of a firearm and ammunition (18 U.S.C. § 922(g)(1)) because the Pennsylvania judge had reduced the charge to third degree misdemeanor.

      This Court denied the motion for judgment of acquittal for two reasons: (1) Watkins was sentenced to 23 months incarceration by the Pennsylvania judge on a charge of "Firearm not to be carried without a license, a violation of the Uniform Firearms Act (VUFA); and (2) ATF agent Ignasio Estaban testified that Watkins admitted to being a convicted felon. (Doc. cr-43 at  pp. 39; see also p. 79; 158).

      Watkins has not shown that had trial counsel specifically argued that Watkins was not a convicted felon under the definition of 18 U.S.C. § 921(a)(20), the outcome of his trial would have been different because 18 U.S.C. § 921(a)(20) does not apply to Watkins' Pennsylvania felony conviction.  Furthermore, Watkins has not alleged any facts to show that trial counsel did not know the "relevant law" of 18 U.S.C. § 920(a)(20).  Watkins' cursory allegation that trial counsel "was unfamiliar with the relevant law" is insufficient to support an ineffective assistance of counsel claim.

Because Watkins has not shown that the outcome of his trial would have been different had trial counsel argued 18 U.S.C. § 921(a)(20) and because Watkins has not shown that trial counsel "was unfamiliar with" that law, he has not shown that counsel was ineffective and he is not entitled to relief on this claim.

Ground one does not warrant relief.

## Ground Two

Watkins alleges that he was denied effective assistance of counsel "during pretrial, trial, sentencing, appeal, and resentencing where counsel failed to object and/or raise the following meritorial [sic] claims." (Motion, Doc. 7, at p. 11)

**A. Prosecutorial misconduct**.

**1. Watkins claims that "the prosecution charged and prosecuted Watkins for being a felon in possession of a firearm and ammunition -- a crime for which there existed no genuine facts neither [sic] law to support."** Watkins claims that this "prosecution misconduct" prejudiced his defense and right to a fair trial. He claims that the charged felony offense allowed the prosecution improperly "to expose the jury to Watkins' prior conviction from the State of Pennsylvania and also to repeatedly argue or refer to Watkins as a convicted felon during the court of the trial in the presence of the jury."

This claims fails because there <u>were</u> genuine facts to support the charge that Watkins was a felon in possession of a firearm and ammunition. (See Ground One above). The Pennsylvania statute clearly defines Watkins' crime in Pennsylvania as a felony. In addition, a prior state conviction for criminal possession of a firearm that carries a maximum possible punishment of 23 months qualifies as "punishable by imprisonment for a term exceeding one year" within meaning of the federal statute criminalizing possession

of a firearm following the felony conviction. *See United States v. Arnold*, 113 F.3d 1146, 1148 (10th Cir. 1997).  *See also United States v. Minnick,* 949 F.2d 8, 9-10 (1st Cir.1991) (holding that despite New Jersey statutory presumption against imprisonment for the crime in question, it qualified as "punishable by imprisonment for a term exceeding one year" since the sentencing court had discretion under certain circumstances to impose a term of incarceration exceeding one year);

Under 18 U.S.C. § 922(g)(1), the government must prove that 1) the defendant was previously convicted of an offense punishable by imprisonment exceeding one year; and 2) he knowingly possessed a firearm in or affecting interstate commerce. *United States v. Wight*, 968 F.2d 1393, 1397 (1st Cir.1992). The statute does not require that the prior conviction be a felony; rather, the statute only requires that the offense be punishable for a term exceeding one year. *United States v. Melvin,* 27 F.3d 703, 704 n. 2 (1st Cir. 1994)

Based on Watkins' Pennsylvania certified criminal conviction, he had been convicted of an offense punishable by a term exceeding one year at the time of his trial in this Court. There was no prosecutorial misconduct on this issue and this claim has no merit.

**2. Bogus convicted felon charge distracted defense counsel from focusing, preparing or dedicating more time or attention to other charged offenses such as solicitation.**

Watkins claims that counsel's lack of preparation "ultimately led to " defense counsel's "conceding Watkins's guilt on the solicitation offense, which the prosecution accented [sic] to during rebuttal statements."

This claim has no merit because Watkins has not fairly presented his claim that trial counsel did not prepare to defend against the solicitation offense. Claims not fairly raised

will not be entertained on collateral attack. *United States v. Jones*, 614 F.2d 80 (5th Cir.1980); *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir.1988) (claims raised only superficially). While a pro se litigant may be entitled to liberal construction of his arguments, issues mentioned only superficially will not be treated as properly raised. *Walker*, 860 F.2d at 1011. Likewise, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991). *See Cruz v. United States*, 2005 WL 2978176 at *5 (M.D. Fla. Nov. 7, 2005).

**3. The Prosecutor "testified as a witness during closing statements to facts not in evidence."**

Watkins contends that counsel was ineffective for failing to object when the prosecutor told the jury, "some people are scared of handguns 'like me.' " Watkins alleges that the fact of whether the prosecutor "was afraid of handguns (or whether he owns a handgun which most likely he does) was not placed into evidence and should not have been argued. The argument was offered to mislead, frighten, or prejudice the jury."

Watkins claims the "prosecution misconduct denied Watkins a fair trial, and therefore, Watkins' conviction on Counts One and Three should be vacated."

Watkins' claim has no merit because the prosecutor did not testify to facts not in evidence. During closing argument a prosecutor is allowed to draw reasonable inferences from the evidence presented. *Bonner v. State*, 921 So. 2d 469 (Ala. Crim. App 2005). The prosecutor's inference that "some people are scared of handguns 'like me' " was a reasonable inference from the evidence.

**B. Concession of Watkins' Guilt**

While trial counsel did concede Watkins' guilt as to the solicitation offense, he did so in his successful attempt to argue that Watkins was not guilty of count two, a more serious offense. In closing, trial counsel argued:

> Count ~2. Count ~2 has three elements. And count ~2, as Mr. Runyon explained, is the arson charge. And it is really is, uh, worded in terms of an attempted arson, although as far as the arson statute is concerned an attempt is an arson.
>
> But this isn't even an attempt based upon the facts in this particular instruction.
>
> What Mr. Watkins did, based upon the evidence in this case, is he solicited someone to commit an arson. That's Count ~3. That's -- he did that. I can't stand up here and have any credibility with you at all and try and argue that he's not guilty of that. I can't. This was a solicitation. That was it.
>
> This was not an attempted arson. Nothing was done to further this offense. No act was done to burn down that building. Obviously, Agent Montalvo is not going to go out there and, you know, strike a match to sort of complete the crime, or at least do something so that an arson actually occurred.
>
> That would be foolhardy, and I don't think any jury would buy that anyway. But that just didn't happen. This is a solicitation.
>
> Mr. Runyon, in his analogy of an attempted murder being shot in the stomach, I agree. That would be an attempted murder, someone shooting someone in the stomach. But someone hiring somebody, or asking someone to shoot him in the stomach is not an attempt, that is a solicitation.
>
> And we don't even have the shooting in the stomach in this particular case. We don't have the striking of the match. We don't have the purchase of timers or explosives or gasoline or anything like that. It's just not present.
>
> One of the elements of the second count is that the defendant engaged in conduct which constituted a substantial step, uh, towards the commission of the crime, and which strongly corroborates the defendant's criminal intent.
>
> And there's a further definition of, uh, substantial step. And it says: substantial step must be something beyond mere preparation. It must be an

act which, unless frustrated by some condition or event, would have resulted in the ordinary and likely course of things.

It's got to be more that a solicitation. It's got to be more than mere preparation. And there isn't anything -- any evidence of that in this particular case. None at all.

Now, there is an instruction on -- I had everything in order here -- it's called aiding and abetting. And you may look at that, and Mr. Runyon may talk about it during his rebuttal argument and say that, well, yeah, okay, uh, Mr. Watkins didn't strike the match or didn't buy gasoline or anything like that, but he aided and abetted.

Well, aided and abetted, part of the instruction said if the acts or conduct of an agent, employee or other associate of the defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person.

What conduct? What conduct is there of the other person? The only other person is Agent Montalvo. And what did he do towards the commission of the arson? Nothing. He was solicited; he furthered his investigation by recording conversations regarding the solicitation; and then Mr. Watkins was arrested.

I don't need to talk about Count 3 more than I have. Basically told you that's what the Government has proven here. Solicitation.

(Doc. cr-at pp. 24-27)

Count two charged that Watkins "did attempt to damage and destroy real property maliciously by means of fire and explosive and did aid, abet, counsel, command, induce and procure the attempted damaging and destruction of a building, to wit: a lingerie modeling business located at 1417 Cortez Road, West Bradenton, Florida, used in Interstate commerce and in an activity affecting interstate commerce, "in violation of Title 18 U.S.C. § 844(i) and 2.

Defense counsel argued that Watkins was guilty of solicitation in count three to avoid a conviction of the more serious offense of attempted arson in count two. In *Florida v. Nixon*, 543 U.S. 175 (2004), the United States Supreme Court found that defense counsel's failure to obtain the defendant's express consent to a strategy of conceding guilt at the guilt phase of a capital trial did not automatically render counsel's performance deficient. Pursuant to *Florida v. Nixon,* Watkins' defense counsel was not ineffective in conceding Watkins' guilt without Watkins' consent, and Watkins is not entitled to relief on this claim.

**C. Misapplication of the Sentencing Guidelines**

Watkins alleges that the Court misapplied the Sentencing Guidelines when calculating his criminal history score. He contends that the Court assessed Watkins one criminal history point for a grand theft auto conviction entered in the Circuit Court for Manatee County, Florida, and another point for deriving support from proceeds of prostitution also entered in the Circuit Court for Manatee County, Florida. Watkins contends that both convictions are excluded from the criminal history calculation under USSG § 4A1.2(c). Watkins does not allege any facts to show why the convictions are excluded under USSG § 4A1.2(c), and he is incorrect in claiming that they are excluded.

Both criminal history points were properly assessed under USSG § 4A1.1(c), and they are not excluded by USSG § 4A1.2(c), which states, in part:

> (c)    Sentences for all felony offenses are counted.    Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense. . . .

The sentence for Watkins' grand theft auto sentence in Manatee county Florida, was six months community control, followed by 12 months probation. Therefore, one criminal history point was properly assessed for this conviction. The concurrent sentences for Watkins' consolidated convictions for deriving support from proceeds of prostitution in Manatee County, Florida (Case Nos. 2003 CF 000578A and 000579A) were one year probation. Therefore, one criminal history point was properly assessed for these two consolidated convictions. (See PSR at pp. 7, 8 -- numbers 43, 45 and 46). Therefore, Watkins' claim that the sentencing guidelines were misapplied has no merit.

**D. Cumulative effect of error**

Watkins alleges that "the cumulative effect of the error discussed in his motion to vacate deprived him of a fair trial, and he alleges that he is entitled to a new trial on both the solicitation offense and the felon in possession of a firearm offense.

Because none of Watkins' substantive claims have merit, he cannot show that there was cumulative error, and he cannot show that counsel was ineffective for failing to object to, or failing to raise any of his claims pretrial, trial, at sentencing, on appeal, or at resentencing.

Ground Two does not warrant relief.

**Accordingly, the Court orders**:

That Watkins' motion to vacate (Doc. cv-7; cr-67) is denied. The Clerk is directed to enter judgment against Watkins in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 22, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA:  Michael Runyon
Pele La Cruz Watkins, Pro se